An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PIERRE JOSHLIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 58881

FILED

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malone
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

On appeal from the denial of his August 30, 2008, petition and his February 7, 2011, supplemental petition, appellant argues that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown, Strickland, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means v. State, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel but review the court's application of the law to those

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04622

facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that the district court erred by denying his claim that trial counsel was ineffective for failing to investigate. Appellant claims that had counsel investigated he would have presented a defense that there was no evidence linking appellant to the crimes and would not have made a concession that appellant was the suspect that Officer Cupp chased and shot at. Appellant fails to demonstrate that counsel was deficient or that he was prejudiced.

First, appellant fails to demonstrate that counsel failed to investigate. Appellant was given the opportunity to present witnesses to the district court at an evidentiary hearing and declined. Therefore, there is no evidence in the record that counsel did not investigate or why he chose the defense he chose. Further, it appears that counsel did understand the facts of the case and there is nothing on the face of the record that demonstrates that he did not investigate.

Second, appellant fails to demonstrate that counsel was ineffective for failing to present a defense that appellant was not the person that Officer Cupp chased or for conceding that appellant was the person Officer Cupp chased. At trial, counsel argued that appellant was not one of the people who got out of the vehicle, but instead was in the area and Officer Cupp began chasing him, thinking he was involved with the people in the car. Appellant argues in his petition and on appeal that counsel should have argued that appellant was not the person that Officer Cupp chased but instead was the person that Officer Rios chased and just

happened to be in the area.[1]  Given the evidence presented in this case, that there was an almost continuous line of sight of appellant from the vehicle crash to being found in the dumpster, appellant fails to demonstrate that a defense that he was not the person Officer Cupp chased would have had a reasonable probability of resulting in a different outcome at trial.  Therefore, the district court did not err in denying this claim.

Next, appellant argues that the district court erred by denying his claim that trial counsel was ineffective for failing to cross-examine a witness regarding her in-court identification of appellant.  Appellant fails to demonstrate that he was prejudiced.  He fails to demonstrate a reasonable probability of a different outcome at trial had counsel cross-examined the witness given the weakness of the identification.  The witness first testified that she did not get a good enough look at any of the suspects' faces to identify them.  She then testified that appellant looked similar to one of the suspects, but that she was not sure one way or the other.  The State even conceded it was not much of an identification when it stated, let the "record reflect the identification of Pierre Joshlin to the extent that she's made any identification at all."  Therefore, the district court did not err in denying this claim.

Next, appellant argues that the district court erred by denying his claim that trial counsel was ineffective for failing to object or request a mistrial because the State showed a picture of appellant in restraints. Appellant fails to demonstrate that counsel was deficient or that he was

---

[1]Appellant argues that the person Officer Cupp chased was a different person whom he refers to as "suspect X."

prejudiced. First, counsel did object to the picture, so this claim is belied by the record. Second, appellant fails to demonstrate that a motion for mistrial would have been successful, and counsel is not deficient for failing to file a futile motion. Donovan v. State, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978). The picture was taken shortly after appellant was arrested and was used to demonstrate appellant's appearance the night of the chase. Because the jury was aware that appellant had been arrested, the photograph did not inform the jury of a fact that it did not already know, and appellant was not prejudiced by the jury viewing the photograph. See, e.g., Shuman v. State, 94 Nev. 265, 271-72, 578 P.2d 1183, 1187 (1978) (stating that no prejudice can ensue from seeing what is already known).

Next, appellant argues that the district court erred by denying his claim that trial counsel was ineffective for failing to focus on whether appellant constructively possessed the weapon found in the dumpster and for failing to offer an instruction on constructive possession. Appellant fails to demonstrate that he was prejudiced. Given the fact that appellant was continuously chased from the vehicle to the dumpster, he was viewed with the gun by one of the officers, and the gun was found under his left hand in the dumpster, appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel focused more on constructive possession or had offered an instruction on constructive possession. Therefore, the district court did not err in denying this claim.

Finally, appellant argues that counsel was ineffective for failing to intervene in the State's bill of attainder for a finding of guilt. This claim was not raised below and this court declines to address it for the first time on appeal. Davis v. State, 107 Nev. 600, 606, 817 P.2d 1169,

1173 (1991) <u>overruled on other grounds by</u> <u>Means v. State</u>, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004). Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. David B. Barker, District Judge
       Michael H. Schwarz
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk